Per Curiam.

Plaintiffs contend that the certificate of the county auditor as to millage required for servicing the bonds is inaccurate and all proceedings thereunder, including the election, were void. Section 2293-19, General Code, does not require the county auditor to use a mathematically exact tax valuation in calculating millage. The statute requires an estimate of an average annual levy figure, and that requirement has been substantially complied with.
Plaintiffs contend further that the notice of the change of the polling place was insufficient and the election, therefore, was void. The provision of Section 478o-24, General Code, requiring that “the board shall notify each of the registrants in such precinct of such change by mail,” cannot apply to a district such as the one involved here, where there are no “registrants.” The board of elections took reasonable measures to notify the electors, and there was a substantial compliance with the statutory requirement as to notice.
It is contended further that the bond issue did not receive the required statutory favorable vote of 60 per cent of those voting. Plaintiffs insist that the blank ballots cast must be counted in ascertaining the total number of persons voting. . If the 37 blank ballots cast were counted in determining the number of persons voting, the bond issue would have been defeated by 13 votes. Section 2293-15c, General Code, relative to the submission to the electors of a proposed school bond issue, provides in part:
“If fifty-five per cent of those voting upon the proposition in a general election and sixty per cent of those voting in a special or primary election vote in favor thereof, the taxing authority of such subdivision shall have authority to proceed * # # with the issue of such bonds and the levy of a tax * * *.”
That provision requires 60 per cent of those voting on the proposed bond issue at a special election to vote *80 in favor thereof to authorize the issuance of the bonds. The blank ballots cast are not to be counted in arriving at the total number of votes cast, for the purpose of determining the percentage of favorable votes.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Middleton, Taet, Matthias, Hart, Zimmerman and Stewart, JJ., concur.